IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERALD KEITH DAVIS                                                                                    PLAINTIFF

v.                                            Civil No. 06-5032

SHERIFF TIM HELDER;
LT. MUGGY; SGT. CAMBRON;
CPL. FREEMAN; CPL. KNOTTS;
and OFFICER TWARDOWSKI                                                                      DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jerald Keith Davis filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2006. He proceeds *pro se* and *in forma pauperis*.

Separate defendants Corporal Knotts and Officer Twardowski filed a motion for summary judgment (Doc. 26). Separate Defendants Sheriff Tim Helder, Lieutenant Muggy Sergeant Cambron, and Corporal Freeman also filed a motion for summary judgment (Doc. 32). To assist plaintiff in responding to the motions, the undersigned entered an order (Doc. 39) directing Davis to complete, sign and return an attached questionnaire that would serve as his response to the summary judgment motions.

The plaintiff's response to the questionnaire was to be returned by January 8, 2008. On January 4, 2008, the plaintiff filed a motion for an extension of time to respond to the questionnaire (Doc. 40). The motion was granted by order entered on January 8th (Doc. 41). Plaintiff was given until January 31, 2008, to respond to the questionnaire (Doc. 41).

To date, the plaintiff has failed to respond to the questionnaire. Plaintiff has not sought another extension of time to respond to the questionnaire. Plaintiff has not communicated with the court in anyway. The court's order was not returned to the court as undeliverable.

I therefore recommend plaintiff's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court.  *See* Fed. R. Civ. P. 41(b).  **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of February 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)